UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO
Bankruptcy Judge Elizabeth E. Brown

| | |
|---|---|
| In re: ) | |
| ) | |
| BERNARD P. BALCK and ) | Bankruptcy Case No. 09-30074 EEB |
| LORRAINE C. BALCK, ) | Chapter 13 |
| ) | |
| Debtors. ) | |
| _____ ) | |
| BERNARD P. BALCK and ) | |
| LORRAINE C. BALCK, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Adversary Proceeding No. 09-1741 EEB |
| ) | |
| DAROL HOFFMAN, ) | |
| ) | |
| Defendant. ) | |

_____

**ORDER DENYING AVOIDANCE OF LIENS**
_____

THIS MATTER comes before the Court on the Debtors' Complaint, which seeks to avoid liens in favor of Defendant Darol Hoffman ("Hoffman") on certain vehicles owned by the Debtors. Following trial on the matter, the Court finds and concludes that Debtors have failed to prove their claims for avoidance of the liens.

**I. Background**

Debtors Bernard "Bud" and Lorraine Balck are married and filed a joint petition under Chapter 13 on September 24, 2009. Over the past two decades, Debtors have attempted, without much success, to set up various investment opportunities and recruited investors. Hoffman was one such investor. Over a period of approximately ten years, Debtors and Hoffman were friends and Hoffman invested in several of Debtors' projects. The parties' relationship ultimately fell apart in approximately 2006, when Hoffman sued Debtors in state court over a failed investment project.[1]

During the parties' friendship, Debtors were involved in a tax dispute with the IRS. In April 2002, the IRS issued a tax deficiency notice to Debtors, asserting that the Debtors owed $423,799 in back taxes, interest and penalties. Debtors' Ex. NN. Debtors became concerned

---

[1]This Court has previously held that certain debts relating to that investment are nondischargeable pursuant to 11 U.S.C. § 523(a)(4).

that the IRS might place a lien on their assets. According to the Debtors, they agreed to grant liens on five vehicles in favor of Hoffman in order to place these assets outside the reach of any possible IRS lien. Hoffman disputes any part in a fraudulent scheme and has asserted that this arrangement was necessary to secure amounts owed to him. Debtors counter that Hoffman gave no consideration for the liens and that they were wholly "fictitious." The Court found Hoffman more credible than the Debtors.

Regardless of the purpose of this arrangement, they agreed on the mechanics of how the liens were created. Bud testified that he obtained the necessary security agreement forms, filled them out, and filed them with the Wyoming Secretary of State on August 22, 2002. *See* Debtors' Ex. ZZ. Bud also sent copies of the security agreements to Hoffman. Debtors' Ex. OO.

By 2007, Debtors had successfully negotiated a settlement the IRS, thereby eliminating the threat of an IRS lien. Nevertheless, the liens in favor of Hoffman remained on the vehicles when Debtors filed their Chapter 13 petition. Debtors listed each of the five vehicles (among others) in their schedules and claimed an exemption for each on Schedule C. The five vehicles and the exemptions claimed on each are as follows:

| Property | Exemption Claimed | Value of Claimed Exemption |
|---|---|---|
| 1927 Hudson Sedan | Colo. Rev. Stat. § 13-54-102(1)(j)(I) | $3,000 |
| 1981 Chevrolet 1500 Pickup | Colo. Rev. Stat. § 13-54-102(1)(i) | $500 |
| 1995 Harley Davidson Ultra High Trike | Colo. Rev. Stat. § 13-54-102(1)(j)(I) | $5,000 |
| 1996 Harley Davidson Springer Soft Tail motorcycle | Colo. Rev. Stat. § 13-54-102(1)(j)(I) | $5,000 |
| 1998 Featherlite enclosed car trailer | Colo. Rev. Stat. § 13-54-102(1)(i) | $4,000 |

Debtors filed this proceeding in an effort to remove Hoffman's liens from the vehicles. Debtors seek to avoid the liens under § 522(f) as impairing their exemption in the vehicles. In addition, Debtors argue this Court should exercise its equitable powers under § 105(a) to remove the liens, since they were "fictitious" to begin with and there in now no threat of an IRS lien.

## II. Discussion

### A. Lien Avoidance Pursuant to § 522(f)

Section 522(f) permits a debtor to avoid certain judicial liens and security interests if those liens impair exempt property. Debtors did not specify under which subsection of § 522(f) they were proceeding. However, because Debtors are attempting to avoid security interests rather than a judicial lien, § 522(f)(1)(B) is applicable. That section provides:

(f)(1) Notwithstanding any waiver of exemptions but subject to paragraph (3), the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section, if such lien is–

(B) a nonpossessory, nonpurchase-money security interest in any--

(i) household furnishings, household goods, wearing apparel, appliances, books, animals, crops, musical instruments, or jewelry that are held primarily for the personal, family, or household use of the debtor or a dependent of the debtor;

(ii) implements, professional books, or tools, of the trade of the debtor or the trade of a dependent of the debtor; or

(iii) professionally prescribed health aids for the debtor or a dependent of the debtor.

Since Hoffman's security interests are neither in household items nor health aids, the Court presumes Debtors are claiming that they are entitled to void the liens as impairing "tools of the trade" under subsection 522(f)(1)(B)(ii).  To prevail under this subsection, Debtors must show: (1) there is an exemption to which the Debtors would have been entitled under § 522(b); (2) the property is listed on the Debtors' schedules as a claimed exemption; (3) the lien impairs the claimed exemption; and (4) the lien is a nonpossessory, nonpurchase-money security interest in implements or tools for the Debtors' trade.  *See In re Morgan*, 149 B.R. 147, 151 (9th Cir. BAP 1993). The Debtors have the burden of showing they are entitled to lien avoidance under § 522(f).  *In re Catli,* 999 F.2d 1405, 1406 (9th Cir. 1993).

In this case, there does not appear to be a dispute that elements two and three are met–all five vehicles are listed on Debtors' Schedule C and Hoffman's security interests impair those vehicles.  As to the first and fourth elements, however, Debtors presented little to no evidence at trial.  The only evidence the Court has of the first element–Debtors' entitlement to an exemption under § 522(b)–was Schedule C itself.  Section 522(b) provides that a debtor may claim either federal or state exemptions.  Colorado has opted out of the federal exemptions, so Debtors must show their entitlement to exemptions under Colorado law.  Debtors' Schedule C claims the Hudson Sedan and two Harley Davidson motorcycles are exempt under Colo. Rev. Stat. § 102(1)(j)(I), which provides a exemption for vehicles kept and used by a debtor in the aggregate amount of $5,000.  In addition, Debtors claim the Chevy pickup and Featherlite trailer are exempt under Colo. Rev. Stat. § 102(1)(i), which is Colorado's "tools of trade" exemption.

Some courts have held that merely scheduling items as exempt is sufficient to satisfy a Debtor's burden on the first element, since scheduling an asset as exempt automatically establishes a debtor's prima facie entitlement to an exemption pursuant to § 522(l) and Fed. R. Bank. P. 4003(b).  *See In re Maylin*, 155 B.R. 605, 614 (Bankr. D. Me. 1993) ("[C]onsistent with § 522(l), Rule 4003 and *Taylor*, the debtor can establish entitlement to an exemption, prima facie, by listing it specifically on his or her the schedules, designating clearly the basis for each

exemption claimed."). Once a prima facie entitlement is shown, these courts then shift the burden to the creditor to prove that the exemption claim is not proper. *Id.* Other cases disagree, holding that an "exemption-by-default" under § 522(l) does not satisfy a debtor's burden of showing entitlement to an exemption under § 522(f). *See In re Morgan*, 149 B.R. 147, 151-52 (9th Cir. BAP 1993) ("That the debtor is entitled to the exemption by virtue of § 522(l) does not mean that the debtor 'would have been entitled' to the exemption under § 522(b).").

In this case, the Court need not decide if Debtors have met their burden on the first element because even assuming they have,[2] Debtors have failed to meet their burden on the fourth element--that Hoffman's liens are nonpossessory, nonpurchase-money security interests in implements or tools for the Debtors' trade under § 522(f)(1)(B)(ii). This is a key element because "a debtor's lien avoidance powers under § 522 lie against only the categories of assets that are identified in the statute." *In re Thompson*, 263 B.R. 134, 138 (Bankr. W.D. Okla. 2001). The term "tools of trade" as used in § 522(f) is defined by federal law, not state law. *In re Heape*, 886 F.2d 280, 282 (10th Cir. 1989). The Tenth Circuit has applied a "use" test in defining "tools of trade," which focuses on the necessity of an item to the individual debtor's particular business or employment. *Id.* 282-83. In order for items to come within operation of the statute, a debtor must show that "they are necessary and are personally used for the purpose of carrying on his trade or business." *Id.* at 282 (quoting *Reeves & Co. v. Bascue*, 91 P. 77, 77 (Kan. 1907)). A vehicle may qualify as a tool of trade if it meets this test. *See In re King*, 451 B.R. 884, 887 (Bankr. N.D. Iowa 2011). However, a vehicle used only for commuting purposes generally is not considered a tool of trade. *Id.* (citing cases).

At trial, the Debtors testified that Bud Balck is currently semi-retired and does occasional excavation work. His primary sources of income are a pension and social security. Lorraine Balck testified that she is employed as a "prep cook." This testimony corresponds to the occupations listed on Debtors' schedules on the petition date. Debtors presented no evidence of how, or even if, they used the five vehicles in question to carry on these occupations. It seems improbable that either occupation necessitates use of an antique sedan, a thirty-year-old pickup truck, a Harley Davidson motorcycle, or a car trailer. Furthermore, the Debtors have also claimed exemptions for other vehicles not at issue in this case, including a 1989 dual-wheel Dodge pickup and a Kabota tractor, which seem more likely to be used by Bud Balck to do his occasional excavation work. That the Court is left to speculate on these issues demonstrates that Debtors have failed to meet their burden of showing the five vehicles are "tools of trade." Because the vehicles do not fall within the "tools of trade" category, Debtors may not use their avoidance powers under § 522(f) to remove Hoffman's security interests from them.

---

[2]The Court has doubts as to Debtors' entitlement to their claimed exemptions under Colorado law. Debtors have claimed vehicle exemptions far in excess of the $5,000 limit in Colo. Rev. Stat. § 13-54-102(1)(j)(I). Moreover, the Court was presented no evidence that Debtors used the Chevy pickup or Featherlite trailer "for the purpose of carrying on any gainful occupation" as required by Colo. Rev. Stat. § 13-54-102(1)(i).

### B. Equitable Powers Under § 105(a)

Debtors also ask this Court to exercise its equitable powers under § 105(a) to remove Hoffman's liens. That section endows the Court with power to "issue any order, process, or judgment that is necessary or appropriate to carry out [Code] provisions." 11 U.S.C. § 105(a). The Tenth Circuit has emphasized, however, that "a bankruptcy court may not exercise its 'broad equitable powers' under § 105(a) 'in a manner that is inconsistent with the other, more specific provisions of the [Bankruptcy] Code.'" *In re Scrivner*, 535 F.3d 1258, 1263 (10th Cir. 2008) (citing *In re Frieouf*, 938 F.2d 1099, 1103 n. 4 (10th Cir.1991)). In other words this Court cannot use § 105(a) to "contravene or disregard the plain language of a statute." *Id.*

The Debtors are asking the Court to do just that–to allow them greater avoidance powers than the Code allows. The Code provides for several types of avoidance powers. *See* 11 U.S.C. §§ 544, 545, 547, 548 and 549. In a Chapter 13 case, however, most avoidance powers may be exercised only by the trustee. *See Hansen v. Green Tree Servicing, LLC (In re Hansen)*, 332 B.R. 8, 12-13 (10th Cir. BAP 2005) (Chapter 13 debtor lacks standing to bring lien avoidance action under § 544(a)); *Estate Constr. Co. v. Miller & Smith Holding Co., Inc.*, 14 F.3d 213, 220 (4th Cir. 1994) (Section 548 avoidance action could not be enforced by debtors.). Thus, for example, Debtors would lack standing to bring a § 544(a) claim to avoid Hoffman's liens as unperfected security interests or under § 544(b) to avoid them as fraudulent transfers. *See In re Hansen,* 332 B.R. at 13. Yet, Debtors attempt to circumvent this limitation by invoking § 105(a) and arguing the Court should avoid Hoffman's liens because he gave no consideration for them. Debtors cannot impermissibly expand their avoidance powers by invoking § 105(a) in this manner. Of course, one of the few avoidance powers actually given to a Chapter 13 debtor is in § 522(f). That power, however, is limited power to certain types of liens on certain types of exempt property. As discussed above, Debtors have failed to meet those requirements. Accordingly, the Court declines to invoke its § 105(a) powers in this case because it would effectively allow Debtors to circumvent the Code's limitations on a Chapter 13 debtor's avoidance powers.

The Court also finds that the equities of this case do not favor granting relief to Debtors. Throughout this case, the Court has expressed its concerns with Debtors' position. Debtors essentially admit to putting false liens on their property in order to defraud the IRS. Now that the IRS is no longer a threat to them, Debtors want to remove their false liens so as to exempt the property from their bankruptcy estate and creditors. In this Court's view, such conduct in no way entitles Debtors to equitable relief. To do so would only condone Debtors' efforts to defraud the IRS. That the Court will not do.

## III. Conclusion

For the reasons stated above, the Court concludes that Debtors failed to prove they are entitled to avoid Defendant Hoffman's security interests under either § 522(f) or § 105(a). The Debtors' Complaint is hereby DISMISSED.

DATED this 8th day of December, 2011.

BY THE COURT:

Elizabeth E. Brown
United States Bankruptcy Judge